IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-81455-TJM |
| | ) | |
| GREGORY P. ALBRACHT and | ) | |
| TERESA J. ALBRACHT, | ) | CH. 7, converted from CH. 13 |
| | ) | on September 24, 2012 |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on September 24, 2012, regarding Fil. #127, Motion for Sanctions, filed by Eran Industries, Inc., and Fil. #130, Resistance, filed by the debtors. Trev Peterson appeared for the debtors and Howard Duncan appeared for Eran Industries.

Mr. Albracht invented and patented a product that attaches to a residential roof to keep leaves from falling into the rain gutters. More than twelve years ago he entered into a contract by which he sold his interest in the patent to Eran Industries, Inc., which is owned or managed by Mr. James Bachman. The agreement provided for a certain amount of royalties to be paid on an annual basis to Mr. Albracht.

Mr. Albracht and Eran Industries got into a dispute over royalty payments and litigation was brought in the Douglas County, Nebraska, District Court. In 2000, the parties settled the litigation with a written settlement agreement approved by the court.

The contract provided that if Eran became involved in patent litigation concerning the subject matter of the contract, Mr. Albracht would be responsible for a certain percentage of the attorney fees incurred by Eran. Eran did get involved in patent litigation and incurred attorney fees. Mr. Albracht's share of the fees has not yet been determined.

Pursuant to the terms of the contract as Mr. Bachman and Eran Industries, Inc., understood it, Eran attempted to set off the attorney fees against the annual royalties due to Mr. Albracht. That resulted in litigation which was brought in the Douglas County, Nebraska, District Court because that court had retained jurisdiction. The judge who had originally approved the settlement determined that he should no longer retain jurisdiction and that the parties could return to the bankruptcy court where Mr. and Mrs. Albracht had filed a Chapter 13 case and the issues of attorney fees and set-off could be determined in the bankruptcy court.

Rather than litigate the issue in the bankruptcy court, Mr. Albracht invoked a mandatory arbitration clause in the contract. The contract provided that if the state district judge did not retain jurisdiction, the parties could resolve any disputes concerning the contracts through arbitration.

Eran objected to the arbitration request on the basis that Mr. Albracht did not have the funds to pay the arbitrator and on the basis that by filing Chapter 13, he had waived his contractual right to arbitration. This court determined that there was no waiver and that Mr. Albracht had the right to proceed in arbitration if he could come up with the funds. When he could not, the original Chapter 13 case was dismissed.

Eventually, Mr. Albracht obtained legal services from Mr. Peterson and his law firm. They filed another Chapter 13 case and proposed a plan which included proceeding with arbitration. Once again, the issue became whether Mr. Albracht could come up with the funds to start the arbitration. Months passed with no funds becoming available.

Mr. Albracht, through counsel, then filed a motion for approval of bidding procedures for a sale of Mr. Albracht's interest in the patents he had sold to Eran Industries, Inc. After the motion was filed, but before it was approved, Mr. Albracht uploaded the motion and other bankruptcy court documents to an Internet web site that he apparently created. In addition, he uploaded numerous documents disparaging Mr. Bachman and Eran Industries, Inc., and boasting that he would defeat their interests in the arbitration case and would win hundreds of thousands of dollars. Many of the statements he posted through the Internet appeared to be, if determined to be not truthful, defamatory.

In addition, Mr. Albracht sent emails directly to counsel for Mr. Bachman and Eran, and even telephoned counsel for Mr. Bachman and Eran. Responding to such actions by Mr. Albracht, Eran and Mr. Bachman have filed a motion for sanctions, Fil. #127, and a motion to convert to Chapter 7, Fil. #128. Attached to both motions are the documents posted on the Internet and sent to counsel for Mr. Bachman and Eran.

At the hearing on the motion for sanctions, Mr. Peterson argued that he did not authorize the postings on the Internet of the documents which were not court documents. He informed the court, as he had informed counsel for Mr. Bachman and Eran earlier, that the Internet site had been taken down, the motion for approval of bidding procedures had been withdrawn, and he had requested that his client not directly contact counsel for Mr. Bachman and Eran.

Mr. Peterson argued that all of the statements made in the documents posted on the Internet were permitted under the First Amendment of the United States Constitution. They were opinions of Mr. Albracht concerning Mr. Bachman and Eran plus opinions concerning Mr. Albracht's potential success in the arbitration. Therefore, they should not be sanctionable.

Mr. Peterson then informed the court that the Albrachts did not resist the motion to convert to Chapter 7 because they could not come up with the funds for the arbitration.

The comments in the documents posted on the Internet are totally inappropriate. It has been clear for years that Mr. Albracht believes he has not been treated fairly by Mr. Bachman and Eran Industries, Inc. The dispute between the parties should be resolved either in the bankruptcy court or in arbitration, not by publicly disparaging Mr. Bachman and Eran Industries on the Internet.

Mr. Bachman and Eran Industries did the right thing by filing this motion for sanctions to bring to the attention of the court the inappropriate actions by Mr. Albracht. Nonetheless, those actions are not sanctionable in this court. Mr. Albracht does retain his First Amendment free speech right even though he is a debtor in a bankruptcy court. If Mr. Bachman believes he or Eran has been defamed, he has an adequate remedy in the state courts. The actions by Mr. Albracht were taken post-petition and he is therefore not protected by the automatic stay of 11 U.S.C. § 362 from state court litigation over the matter. This may be of little solace to Mr. Bachman because Mr. Albracht is now in a Chapter 7 case resulting from his inability to obtain sufficient funds to

confirm a Chapter 13 plan. Under these circumstances it is unlikely that a judgment in state court would bring any collectable monetary award.

There is no evidence that Mr. Peterson authorized or conspired with Mr. Albracht to post the disparaging remarks and therefore there is no basis for sanctioning Mr. Peterson.

IT IS THEREFORE ORDERED that the motion for sanctions, Fil. #127, is denied.

DATED:     October 15, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Trev Peterson
    *Howard Duncan
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.